UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GINA M. DIXON,  CASE NO.: 6:21-CV-380

    PLAINTIFF,

V.

ORLANDO DENTAL CENTER, P.A. AND

DR. FIRAS MAROUF, DDS.

    DEFENDANT.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, GINA M. DIXON, (hereinafter referred to as "the Plaintiff"), by and through her undersigned counsel and sues the Defendants, ORLANDO DENTAL CENTER, P.A. and DR. FIRAS MAROUF, DDS (hereinafter collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Orange County, Florida, where the Defendants maintains its headquarters in the Middle District of Florida.

4. The Defendant, ORLANDO DENTAL CENTER, P.A., is a Florida For Profit Corporation but has their main place of business in Orange County, Florida, where the Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. The Defendant, DR. FIRAS MAROUF, DDS, was both responsible for setting Defendant, ORLANDO DENTAL CENTER, P.A.'s payroll policies including those pertaining to overtime and directing the work to be performed by the Plaintiff and other workers.

6. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

7. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. The annual gross revenue of the Defendants were at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

9. The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

10. The Plaintiff was a salaried employee under the FLSA.

11. The Plaintiff was employed as a Practice Manager and Treatment Coordinator.

12. The Plaintiff worked a wide range of hours during her employment with the Defendants.

13. For the week of January 25, 2021 – January 31, 2021, the Plaintiff worked remotely during the week and the regularly scheduled half day on Saturday. The Plaintiff's work performed remotely was intermittent phone calls and emails while sitting at the hospital with her mother.

14. The Plaintiff received no compensation whatsoever for work performed between January 25, 2021 – January 31, 2021.

15. The Plaintiff reported her concerns over not being compensated directly to Dr. Marouf.

16. On February 5, 2020, there was a meeting between the Plaintiff and Dr. Marouf to discuss the fact that the Plaintiff was not compensated for her salary or minimum wages for working remotely during the week and half a day on Saturday.

17. After the meeting and questioning by the Plaintiff, the Defendants made the decision to terminate the Plaintiff and posted her job online.

18. Because the Plaintiff was looking into positions prior to her employment with Defendants, she received an email notification that her job was posted. The post caught her attention because it was her own position.

19. Because the Plaintiff wanted to keep her job, she applied for her current position. She hoped that the Defendants would reconsider the decision to terminate her employment.

20. Defendants terminated the Plaintiff immediately thereafter under the pretext that the Plaintiff was looking for a position with another company.

## COUNT I: VIOLATION OF 29 U.S.C. § 201 ET SEQ. (RETALIATION)

21. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 - 20.

22. As described within the "General Allegations", the Plaintiff engaged in protected activity under the FLSA.

23. Shortly after engaging in protected activity, the Plaintiff's position was posted as open on Indeed.

24. The Plaintiff applied for her own position because she sought to remain employed with the Defendants.

25. The Plaintiff was fired by the Defendants because she engaged in protected activity.

26. Pursuant to the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3), it is unlawful for an employer to retaliate against or discharge an employee for protesting a violation of the law by their employers or supervisors.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the payment of lost wages.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a. Declaring that the Defendant, violated the overtime provisions of the Fair Labor Standards Act;

   b. Awarding the Plaintiff backpay;

   c. Reinstating the Plaintiff or awarding her front pay in lieu of reinstatement;

   d. Awarding the Plaintiff liquidated damages in the amount calculated;

   e. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   f. Awarding the Plaintiff pre-judgment and post-judgment interest; and

g. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

29. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 25th, 2021

                Respectfully submitted,

                By:   /s/   Frank M. Malatesta, Esq.
                **FRANK M. MALATESTA, ESQUIRE**
                Florida Bar No.: 0097080
                MALATESTA LAW OFFICE
                871 Venetia Bay Boulevard, Suite 235
                Venice, Florida 34285
                Telephone No.: (941) 256 - 3812
                Facsimile No.: (888) 501-3865
                Frank@malatestalawoffice.com
                Staff@malatestalawoffice.com
                *Counsel for Plaintiff*